**UNITED STATES of America, Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY and Sinclair Oil Corporation, Defendants, Arco Fuel Oil Co., Inc. and Ottaviano Enterprises, Inc., Applicants for Intervention.**

**No. 69 Civ. 162.**

United States District Court, S. D. New York. Aug. 28, 1970.

Richard W. McLaren, Asst. Atty. Gen., Antitrust Division, Dept. of Justice, for plaintiff; Rodney O. Thorson and George H. Hempstead, III, Washington, D.C., of counsel.

Hughes, Hubbard & Reed, New York City, for defendants; Jerome G. Shapiro, Douglas F. Eaton and Robert M. Fuster, New York City, of counsel.

Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, for applicants for intervention; John A. Reilly, Charles R. Brainard, Edward J. Handler, III, and Stuart J. Sinder, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Movants seek to intervene in this antitrust action brought by the United States under Section 7 of the Clayton Act, 15 U.S.C. § 18, challenging the merger of Atlantic Richfield Company (Atlantic) and Sinclair Oil Corporation (Sinclair) which was consummated on March 4, 1969. The gravamen of movants' proposed complaint is an alleged infringement by defendants of movants' rights to the use of the trademark ARCO. One of the movants, Arco Fuel Oil Co., Inc., seeks the same relief in an independent action now pending in this court. Arco Fuel Oil Co. et al. v. Atlantic Richfield Co., 69 Civ. 4590. Both the United States and defendants oppose the intervention.

The original parties filed a proposed consent judgment on July 28, 1970 which provides for substantial divestiture and injunctive relief. A stipulation made at the same time provided for a thirty-day

waiting period before the consent decree may become final.

Contrary to movants' speculative fears, the proposed decree makes no reference to the trademark ARCO. Moreover, the consent decree, when final, will vacate an earlier order of this court upon which movants predicate their claim to intervene.*

■ An applicant for intervention as of right, pursuant to Rule 24(a), Fed.R. Civ.P., under the circumstances shown here must (1) have a sufficient interest relating to the subject matter of the action; (2) be so situated that disposition of the action might impair or impede his ability to protect that interest; and (3) make a timely application to intervene.

■ The subject of this action is the probability of a substantial lessening of competition in the marketing of gasoline resulting from the merger. The subject of movants' claim, however disguised, is the alleged infringement of its trademark.

The government's charges against defendants neither mention, nor are they in any way dependent upon brand names or trademarks under which defendants market their products. The government, thus, has no interest in the outcome of this trademark dispute.

Plainly, therefore, movants' private dispute with Atlantic over the trademark ARCO is foreign to the present subject of this action, and to inject this private quarrel into this litigation would needlessly prolong and complicate the action on the eve of its termination.

Grasping at straws, movants argue that but for the merger Atlantic would not have undertaken the brand identification changeover to ARCO. Even if that were so, movants' claim would still

not relate to the subject of this action, and, even if it did and the claim for damages were based upon precisely the same conduct challenged by the government, movants would still not be entitled to intervene as of right. Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); Utah v. American Pipe & Construction Co., 50 F.R.D. 99 (C.D.Cal.1970); United States v. Blue Chip Stamp Co., 272 F. Supp. 432 (C.D.Cal.1967), aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States, 389 U.S. 580, 88 S.Ct. 693, 19 L. Ed.2d 781, rehearing denied, 390 U.S. 975, 88 S.Ct. 1026, 19 L.Ed.2d 1194 (1968).

It is significant that movants do not seek intervention for the purpose of objecting to the terms of the proposed consent decree. Nor do they show how the decree will have a direct effect upon them. Plainly, they do not seek to preserve or to restore the competitive vitality of the acquired company. This case is thus clearly distinguishable from Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), and from United States v. Simmonds Precision Products, Inc., Docket No. 67 Civ. 4506 (S.D.N.Y., June 30, 1970), where intervention was granted. Cf. United States v. Automobile Manufacturers Ass'n, 307 F. Supp. 617 (C.D.Cal.1969), aff'd per curiam sub nom. City of New York v. United States, 397 U.S. 248, 90 S.Ct. 1105, 25 L. Ed.2d 280 (1970); United States v. Western Electric Co., 1968 CCH Trade Cases § 72,415 (D.N.J.1968), aff'd sub nom. Clark Walter & Sons, Inc. v. United States, 392 U.S. 659, 88 S.Ct. 2286, 20 L.Ed.2d 1348 (1968); United States v. Harper & Row, Publishers, Inc. (N.D. Ill., Nov. 27, 1967) (unreported opinion), aff'd sub nom. City of New York v.

---

* The order to be vacated provided as an incident to preserving Atlantic as a viable competitor, should divestiture ultimately be required, that during the pendency of the litigation Atlantic shall "employ a trade mark such as 'ARCO Imperial' on any pump in any Sinclair station only where there is also displayed with equal prominence on such pump the trade mark 'Sinclair.'"

United States, 390 U.S. 715, 88 S.Ct. 1410, 20 L.Ed.2d 251 (1968); United States v. Minnesota Mining & Mfg. Co. (N.D.Ill., Sept. 2, 1969) (unreported opinion).

We think, therefore, that movants' grievance against Atlantic bears no relation whatever to the subject of this action, and in any event is entirely too remote to qualify as an interest within the meaning of Rule 24(a).

Assuming the validity of movants' claim for infringement, there is still nothing in the proposed judgment here which would in any way impair or impede movants from enforcing whatever rights they have in their independent action against Atlantic. The proposed final judgment here would adjudicate nothing even as between the parties and *a fortiori* would have no conclusive effect on any rights of movants. Sam Fox Publishing Co. v. United States, *supra*; Utah v. American Pipe & Construction Co., *supra*.

Movants, thus, fail to show that they are so situated that their rights will be impaired or impeded if intervention is denied and therefore do not satisfy the second requirement for intervention as of right.

Finally, even if there were merit to movants' claim, the application is untimely. Obviously, if the court approves the proposed final judgment, the proceedings in this case will terminate immediately. In these circumstances, it cannot be gainsaid that intervention now would cause intolerable delay and disruption of this action. See United States v. Automobile Manufacturers Ass'n, *supra*, 307 F.Supp. at 619–620.

For these reasons, it would also be an abuse of the court's discretion to allow permissive intervention under Rule 24 (b), Fed.R.Civ.P. Among other things, that rule requires a timely application as well as a showing of a common question of law or fact. Neither of those requirements is met here.

The rule also directs the court, "in the exercise of its discretion," to "consider whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties." Intervention now would clearly work delay and prejudice, for it would defeat the entry of a consent decree. Courts have consistently denied permissive intervention where the purpose is to defeat the entry of a consent decree. United States v. Blue Chip Stamp Co., *supra*; Utah v. American Pipe & Construction Co., *supra*.

Accordingly, the application for intervention is in all respects denied.

So ordered.