In re Carl H. NEUMAN, d/b/a Lydia E. Hall Hospital, Syosset Hospital and Long Island Food Company, Debtor.

Carl H. NEUMAN, d/b/a Lydia E. Hall Hospital, Syosset Hospital and Long Island Food Company, Plaintiff-Appellee,

v.

BLUE CROSS/BLUE SHIELD OF GREATER NEW YORK, Defendant-Appellant.

No. 85 Civ. 6677 (RLC).

United States District Court, S.D. New York.

Oct. 22, 1985.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for Chase Lincoln First Bank, N.A.; Francis E. Kenny, of counsel.

Richard M. Greenspan, New York City, for 1115 Joint Bd.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., for defendant-appellant; Nancy Kilson, Asst. U.S. Atty., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Movant, Chase Lincoln First Bank, N.A. ("Chase"), pursuant to Rule 24(a)(2), F.R. Civ.P., seeks to intervene in the proceeding of *In re Neuman*, 85 Civ. 6677. It also moves pursuant to Rule 60(b), F.R.Civ.P., to set aside the stipulation between Carl H. Neuman, d/b/a Lydia E. Hall Hospital,

Syossett Hospital, and Long Island Food Company ("Neuman") and the Health Care Financing Agency ("HCFA"), so ordered by Judge Edward Ryan of the United States Bankruptcy Court on December 21, 1984.

A September 4th order of this court enjoined all further proceedings in the Bankruptcy Court related to *In re Neuman* pending the court's determination of the outstanding appeal in that case. Jurisdiction over Chase's motions, which were pending before Bankruptcy Judge Abram on September 4, 1985, was assumed by this court. The orders on appeal in *In re Neuman*, 85 Civ. 6677, were reversed by this court in a decision filed on this date. For the reasons stated below the court now remands these motions to the United States Bankruptcy Court.

*History*

Neuman petitioned for bankruptcy on December 11, 1984. At that time the hospital owed some six million dollars in Medicare overpayments to HCFA and was indebted to movant for nine million dollars, $7.5 million of which movant held as a first mortgage lien. Movant is the largest secured creditor and HCFA the largest unsecured creditor in the bankruptcy proceeding.

Neuman brought an adversarial proceeding against HCFA on December 17, 1984, seeking to enjoin HCFA from recouping pre-petition Medicare overpayments from future Medicare payments. An agreement between Neuman and HCFA was reached and a stipulation was signed by the parties on December 21, 1984. The stipulation was amended twice, in April and May of 1985. Movant claims that at no time after Neuman brought the adversarial proceeding, nor after the signing or amending of the stipulation was it notified of these actions.

Movant claims that paragraph 8[1] of the December 21, 1984 stipulation creates, in

---

1. Paragraph 8 of the stipulation states:
   Under no circumstances shall the Hospital be sold unless, prior to any sale, the prospective purchaser(s) have agreed in writing (such writing to be provided to HCFA prior to sale) that, upon such sale, the purchaser(s) will

   assume the debt of Neuman, the DIP and the Hospital to HCFA with respect to claimed Medicare overpayments made on account of the Hospital, provided, however, that any downward adjustment in the amount of the overpayment which may result from any final

effect, a lien on the hospital property in the amount of HCFA's pre-petition debt and such lien impairs movant's first mortgage interest. Furthermore, it alleges that paragraph 8 of the stipulation contravenes § 362 of the Bankruptcy Code, 11 U.S.C. § 362(a)(4), and maintains that the stipulation should be deemed void *ab initio* and the parties be returned to the status quo as of December 21, 1985.

*Discussion*

■ Pursuant to Rule 24(a)(2), F.R. Civ.P., an application for intervention as of right must establish that: (1) there is a sufficient interest in the subject matter of the action, (2) the interest is not adequately represented by existing parties to the action, (3) a disposition of the action will impair the applicant's ability to protect such interest, and (4) the application is timely. *United States v. Atlantic Richfield Company*, 50 F.R.D. 369, 371 (S.D.N.Y.1970) (MacMahon, J.), *aff'd*, 401 U.S. 986, 91 S.Ct. 1234, 28 L.Ed.2d 527 (1971); Wright & A. Miller, Federal Practice and Procedure § 1908, pp. 495–518 and § 1916, pp. 572–584.

■ HCFA argues, in opposition to the motion to intervene, that movant's interest is too remote to support intervention. HCFA contends that Neuman's debt will be imposed on any purchaser of Lydia E. Hall Hospital regardless of the enforcement or avoidance of the stipulation. The court finds that such arguments go to the merits of Chase's 60(b) motion to vacate the stipulation and not to its right to intervene.

■ HCFA further argues that the proposed intervenor's motion is untimely. It is established that an application must be timely or it will be denied. Timeliness, however, is a question of circumstances and is not to be evaluated solely according to rigid calendar guidelines. Rather, it is to be determined according to all the circumstances and is within the discretion of the court. *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Evans v. Lynn*, 376 F.Supp. 327 (S.D.N.Y. 1974) (Pollack, J.).

Although the precise date that movant first learned of the stipulation is contested, Chase admits it obtained a copy of the stipulation at least as early as June 4, 1985. *See* Affidavit of Mary Kathleen Martin, October 7, 1985. Chase's motions were filed in the United States Bankruptcy Court on August 9, 1985. The issue with regard to timeliness is not the two month delay itself, but whether such delay unduly prejudices HCFA.

■ A four prong test is widely utilized to evaluate timeliness. *Piambino v. Bailey*, 610 F.2d 1306, 1320 (5th Cir.), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)). The following factors are to be evaluated: (1) the length of time the proposed intervenor knew or reasonably could have known of his interest in the case before actually petitioning to intervene, (2) the extent of prejudice that the existing parties to the litigation will suffer due to the proposed intervenor's failure to petition at the time he first knew or should have reasonably known of his interest in the case, (3) the extent of prejudice that the proposed intervenor will suffer if his application for intervention is denied, and (4) any unusual circumstances militating either for or against the application as timely. *Id.*

The court concludes that Judge Abram should canvass these factors in the instant case. We, therefore, remand this matter to Judge Abram to determine whether the

determination of appeal to the PRRB shall inure to the benefit of the purchaser(s). HCFA will, upon request of the prospective new owners of the DIP, make a review of the financial condition of the Hospital and the prospective purchaser(s) in connection with a good faith reevaluation of the rate at which it will recoup from the new owners of the Hospital, out of payments made to the Hospital following any such sale. Any sale in violation of this provision shall be null and void unless made·with the prior express written consent of HCFA. The DIP shall give HCFA prior notice of any application to the bankruptcy court seeking approval of any sale of the Hospital.

motion to intervene is sufficiently untimely so as to prejudice HCFA and if no prejudice is found, whether on the merits of the Rule 60(b) motion vacation of the stipulation is warranted.

IT IS SO ORDERED.